Lovet v. Price.

*Browning* and *T. Ewing* for the plaintiff.

*Mathiot* and *S. W. Culbertson*, for the defendants.

---

*LOVET v. PRICE.                    [89

Work and labor—implied promise, not raised in favor of a son, &c.—statute of limitation.

When one works for another, the law in general implies a promise to pay what the work is worth, but that implication does not arise in favor of a son who continues with his father's family after he attains his majority, without agreement for wages, nor in favor of a man who marries a daughter, and lives with her without agreement, in his father-in-law's family.

In such cases there must be an agreement for wages, or at least something to show the intention of the parties, when the work was done, on the one hand to charge, and on the other to pay for it.

Assumpsit for a simple contract debt, which has lain more than six years without an express promise to pay, is barred under the act of 1810, unless the debtor has acknowledged the debt, and expressly promised to pay it within that time.

ASSUMPSIT for work and labor, on a special contract to work a year for the defendant for 120 dollars. These were the common counts for money had and received, &c. 1. Plea: non assumpsit, with notice of offset. 2. Non assumpsit within six years. Replication: that the defendant did assume within six years; on which issue is joined.

It appeared in evidence, amongst other things, that the plaintiff having married the daughter of the defendant, lived with his wife in the family of the defendant some years, and took charge of the farm. They all lived together, the plaintiff expecting he would ultimately have the whole property, as his wife was the only child. The wife died, and afterwards a misunderstanding taking place be-

Lovet *v.* Price.

tween the plaintiff and his father-in-law, the plaintiff with his children left the family and brought suit for his wages.

*Stillwell* and *Silliman* for the plaintiff.

*Browning* and *T. Ewing*, contra.

WRIGHT, J. to the jury. The plaintiff claims to recover on the written contract for a year, beginning the 26th September, 1820, and for labor for the defendant since that time as a hireling. The defendant denies his indebtedness, and claims a set-off for money due him. He relies also upon the statute of limitations.

It is not controverted, but that the special contract is proven, and the plaintiff has a right to recover for it, if he has not been paid, or the claim is not barred by the statute. The other claim for labor stands on different grounds. In general, where one man does work for another, the law implies a promise to pay, and creates a legal liability for what the work is worth; but that presumption does not attach, of course, to a child, who continues with his parents after attaining adult years, or to a son-in-law, who marries into and lives with the family of his father-in-law, as one of them. In such cases evidence is required of an express agreement to pay wages, or that which is equivalent. Perhaps a promise to provide for the laborer, and a wanton change of mind by the parent, would raise such an 90] *obligation to pay; but in general the right in such cases will depend upon the intention of the parties at the time the labor was done. A child cannot, by continuing to make his father's house his home, impose upon the father against his consent, an obligation to pay wages. If in this case there was any labor performed for hire, or under any expectation once held out by the defendant, which he afterwards put an end to, then you will inquire into the amount, and also examine the claims of the defendant, and ascertain whether the balance is due to the plaintiff or defendant. But if you find a balance in favor of the plaintiff, then you will inquire whether it is barred by the statute of limitations. If there has been a demand within six years next before the 4th September, 1829, the date of the writ, or the plaintiff acknowledged the debt, or expressly promised to pay it within that time, the suit is not barred. The act of 1810 is then applicable to this case, and if the plaintiff had brought debt instead of assumpsit, that act provides no bar.

Verdict for the plaintiff, $242.77, and judgment.